IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| STEPHEN RAY RIVKIN, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-001-A |
| | § | |
| REBECCA TAMEZ, WARDEN, | § | |
| FCI-FORT WORTH, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the application of Stephen Ray Rivkin ("Rivkin") for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Rivkin asks that the court order respondent, Rebecca Tamez, Warden, FCI-Fort Worth ("Warden"), to consider him for twelve months' placement in a Residential Reentry Center ("RRC") as provided by the Second Chance Act, 18 U.S.C. § 3624(c). After having considered the application, the Warden's response, and pertinent legal authorities, the court has concluded that the application should be dismissed for Rivkin's failure to exhaust his administrative remedies.

---

[1] The title of the document filed by Rivkin was "28 U.S.C. 2241 Petition for Writ of Habeas Corpus," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2241, the court is referring to the document filed January 5, 2009, as an "application" and is referring to Rivkin as "applicant."

# I.

## Grounds of the Application and Response

Rivkin, who is serving a 41-month term of imprisonment imposed on November 6, 2007, for his commission of the offenses of felon in possession of a firearm and possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(1) and (3), claims that the Bureau of Prisons ("BOP") violated the Second Chance Act by failing to place him in a RRC to serve the final twelve months of his sentence. Rivkin seeks an order directing the Warden to consider him for twelve months' placement in the RRC, and to show why six months' placement provides a greater likelihood of success.

In the response, the Warden contends that dismissal of the application is proper because (1) Rivkin failed to exhaust his administrative remedies; (2) he has failed to state a claim upon which relief may be granted; and (3) an application pursuant to § 2241 is an improper basis on which to challenge BOP regulations.

# II.

## Analysis

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). To be excused from this exhaustion requirement, the complainant must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Such exceptions to the exhaustion requirement "apply only in extraordinary circumstances, and [applicant] bears the burden of demonstrating the futility of administrative review." Id. (internal citations omitted).

The BOP has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. See 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to BOP staff; if not satisfied with the result, he must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate BOP Regional Director. See 28 C.F.R. §§ 542.10 et seq. The final appeal is to the BOP's Central Office in Washington, D.C., "within 30 calendar

3

days of the date that the Regional Director signed the response." Id. at 542.15(a).

In his application, Rivkin essentially admits he has not exhausted administrative remedies, stating that any attempt to do so "would prove to be an exercise in futility where those who are misapplying the law would be the very same people who would be responding to administrative remedy filings." App. at 14. The Warden's response confirms Rivkin's failure to exhaust his administrative remedies.

Although Rivkin contends pursuing administrative remedies would be an "exercise in futility," he cites no facts to support his implication that the BOP would categorically deny his appeals, and the court cannot agree that any such attempt would be futile. Indeed, the response supports the opposite conclusion: the Warden provides evidence that nine inmates have requested consideration for more than 180 days' placement in the RRC, and two have been granted such additional time. Resp. App. at 4. The BOP might well be persuaded by a request made by Rivkin through the administrative process to respond with a decision allowing him placement in an RRC for more than 180 days. As Rivkin cites to no other facts demonstrating the types of "extraordinary circumstances" which excuse the exhaustion requirements, the

4

court concludes that Rivkin has failed to demonstrate that he has exhausted any of the requisite administrative remedies or, alternatively, that such remedies are unavailable, inappropriate, or futile.

While a cursory review of the remainder of the Warden's grounds for dismissal in the response lead the court to conclude that they have merit, the court need not address those matters in light of its dismissal of Rivkin's claims in their entirety for failure to exhaust administrative remedies.

### III.

### Order.

For the reasons given above,

The court ORDERS that the application of Rivkin for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, dismissed for failure to exhaust administrative remedies.

SIGNED February 12, 2009.

JOHN McBRYDE
United States District Judge